**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5107**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSHUA DAVID HOUDERSHELDT,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, Chief District Judge.  (2:09-cr-00096)

Submitted:  May 25, 2010          Decided:  September 9, 2010

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua David Houdersheldt pled guilty to one count of conspiracy to acquire and obtain possession of oxycodone by fraud and one count of attempt to acquire and obtain possession of oxycodone by fraud, both in violation of 21 U.S.C. § 846 (2006), and was sentenced to seventy months in prison. On appeal, Houdersheldt argues that the district court erred by applying a four-level enhancement to his total offense level for his role as an organizer and leader of a conspiracy involving five or more people, pursuant to the U.S. Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2008). For the reasons that follow, we affirm Houdersheldt's sentence.

In his plea agreement, Houdersheldt waived his right to appeal his sentence on all grounds, except a properly preserved challenge to the district court's determination of the sentencing Guidelines range. He also agreed to a stipulation of facts, which explained that he had forged prescriptions for oxycodone using a prescription pad belonging to his father, and that the prescriptions were not authorized. The stipulation further stated that Houdersheldt twice drove individuals to a pharmacy, where those individuals submitted the prescriptions, obtained the Oxycodone, turned it over to Houdersheldt, and were paid fifty dollars for the transaction. (J.A. 23-24). The stipulation noted that Houdersheldt participated in these

2

activities to support his own drug addiction, and explained that he "lead [sic], organized and directed" the two other individuals involved in the transactions. It further described that Houdersheldt participated in "a series of similar transactions beginning in at least 2008 and continuing to the date of his arrest," and during that time he obtained 92,400 milligrams of oxycodone, which was used by himself and others. Houdersheldt admitted in the stipulation that he "lead [sic] and directed at least five individuals who were involved in the criminal activity," and that he "personally used approximately 81,900 milligrams of the oxycodone" obtained during the conspiracy. Finally, Houdersheldt admitted that he "distributed approximately 10,500 milligrams of the oxycodone obtained as a result of the conspiracy, to others, in part for profit." Because of the distribution of oxycodone to others, the parties stipulated that that the applicable Guideline for establishing the base offense level would be USSG § 2D1.1.

On appeal, Houdersheldt asserts that "[w]hile [he] was a leader or organizer of the conspiracy [to obtain oxycodone], he was not a leader or organizer of the drug selling operation, the offense of stipulation." He argues that this alleged error produced an incorrect calculation of the advisory Guidelines range, resulting in a procedurally unreasonable sentence.

When reviewing a sentence on appeal, "[a]ppellate courts are required to give due deference to the district courts' application of the sentencing guidelines." United States v. Gormley, 201 F.3d 290, 293-94 (4th Cir. 2000). Where, as here, the facts are undisputed and the issue turns primarily on the legal interpretation of a term as used in the Guidelines, the standard of review "moves closer to de novo review." Id.; see also United States v. Fullilove, 388 F.3d 104, 106 (4th Cir. 2004) ("Because the facts here are undisputed, the only question before us is one of guidelines application, a question on which our standard of review approaches de novo.").[*]

Despite Houdersheldt's contentions, the introductory commentary to Chapter 3, Part B controls disposition of this appeal. The commentary expressly states that "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct), i.e., all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and

---

[*] In United States v. Love, 134 F.3d 595 (4th Cir. 1998), this court held that "a district court's determination of a defendant's role in an offense" is reviewed for clear error, citing United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir. 1989). However, in both of those cases, the determination turned on the application of the relevant facts. Here, the facts are undisputed, and Houdersheldt expressly admits that he was an organizer and leader of the conspiracy. The issue raised in this appeal thus turns on a legal interpretation of § 3B1.1.

acts cited in the count of conviction." USSG ch. 3, pt. B, intro. cmt. The term "offense" is defined in the application notes to § 1B1.1 as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." USSG § 1B1.1, cmt. n.1(H).

Here, although the parties stipulated to using § 2D1.1 to determine the base offense level, there was no stipulation regarding enhancements under Chapter Three of the Guidelines. As the plain language of the Guidelines states, the offense of conviction, not the offense of stipulation, and all relevant conduct that occurred during commission of the offense of conviction are to be considered for the purpose of determining whether an aggravating role enhancement is appropriate. Houdersheldt conceded in the stipulation of facts that he was a leader and organizer of the conspiracy, and again admitted that in his sentencing memorandum to the district court and in his brief on appeal. As we stated in United States v. Fells, a defendant's "role determination is to be based, not solely on his role in the counts of conviction, but on his role in the entirety of his relevant conduct." 920 F.2d 1179, 1184 (4th Cir. 1990). Houdersheldt himself expressly admitted that both the offense of conviction and his relevant conduct relating to that offense constituted leadership of the criminal activity.

5

Accordingly, we affirm Houdersheldt's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED